**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-1587**

───────────

CLAUDIA ELIZABETH HERNANDEZ-PORTILLO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────

Submitted:  August 24, 2023                    Decided: September 13, 2023

───────────

Before NIEMEYER and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Petition denied by unpublished per curiam opinion.

───────────

**ON BRIEF:** Donald L. Schlemmer, Washington, D.C., for Petitioner.  Brian M. Boynton, Principal Deputy, Shelley R. Goad, Assistant Director, Kristen A. Giuffreda, Trial Attorney, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claudia Elizabeth Hernandez-Portillo, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the Immigration Judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons explained below, we deny the petition for review.

Hernandez-Portillo first argues that the IJ failed to fulfill his duty to develop the record, violating both Hernandez-Portillo's right to due process and *Quintero v. Garland*, 998 F.3d 612 (4th Cir. 2021). The Attorney General contends, however, that this argument is unexhausted because Hernandez-Portillo failed to raise it before the Board. We agree with the Attorney General that this argument is unexhausted. And because the Attorney General has properly invoked the exhaustion requirement specified in 8 U.S.C. § 1252(d)(1), we decline to consider this argument. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413, 419 (2023); *Trejo Tepas v. Garland*, 73 F.4th 208, 213-14 (4th Cir. 2023).

Hernandez-Portillo also argues that the Board erred in denying her applications for asylum and withholding of removal because she suffered past persecution on account of her membership in a particular social group. In particular, Hernandez-Portillo claims that she is a member of the following particular social groups: (1) "women who are made the sexual property of men and who are recognized as such," Pet'r's Br. 10; (2) "women who are unprotected from being the sexual targets of men," Pet'r's Br. 12; and (3) "women recognized as a sexual object among a group of men," Pet'r's Br. 15. But as the Attorney General observes, Hernandez-Portillo did not rely on any of those three groups below.

2

Consequently, Hernandez-Portillo's asylum and withholding of removal claims based on those groups are unexhausted. We thus decline to consider those claims. *See Del Carmen Amaya-De Sicaran v. Barr*, 979 F.3d 210, 214 (4th Cir. 2020).

Next, we conclude that Hernandez-Portillo's opening brief does not contest the Board's reasoning for rejecting her asylum and withholding of removal applications. More specifically, Hernandez-Portillo fails to challenge the Board's ruling that the sole proposed particular social group she identified before the IJ and the Board—persons who have reported a crime to the government of El Salvador—is not cognizable. Accordingly, Hernandez-Portillo has forfeited appellate review of the Board's denial of her asylum and withholding of removal applications. *See Cedillos-Cedillos v. Barr*, 962 F.3d 817, 822 n.2 (4th Cir. 2020).

Finally, Hernandez-Portillo asserts that the Board erred in denying her application for CAT protection. Based upon our review of the record, however, we conclude that substantial evidence supports that aspect of the Board's decision. *See Chicas-Machado v. Garland*, 73 F.4th 261, 272 (4th Cir. 2023). That is, we are satisfied that "a[] reasonable adjudicator would [not] be compelled to conclude" that the Salvadoran government would consent to or acquiesce in Hernandez-Portillo's future mistreatment by private actors. *Id.* (internal quotation marks omitted).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3